UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIESHA RENEE THOMAS,<br><br>      Plaintiff,<br><br>    v.<br><br>KEVIN K. MCALEENAN,<br><br>      Defendant. | Case No. 19-cv-05712-VC<br><br>**ORDER GRANTING MOTION TO DISMISS** |

    The government's motion to dismiss is granted.

    1. In the latest version of the complaint, Thomas still does not allege facts that give rise to a plausible claim for discrimination on the basis of race or age. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Thomas appears to rest her claims entirely on a comparison to a younger, white co-worker, but the complaint's allegations, if true, would show that Thomas and her co-worker were not similarly situated. Thomas's firing, as far as the complaint alleges, was based on an incident in which only Thomas, and not her co-worker, was accused of making a mistake with the x-ray machine. Nor does the complaint contain any other allegations that would permit the inference that Thomas's firing was based on race or age. *Cf. Austin v. University of Oregon*, 925 F.3d 1133, 1138 (9th Cir. 2019) ("Just saying so is not enough."). For example, the complaint contains no allegation about conduct or statements by Thomas's supervisors that would allow a jury to conclude that their decision that she needed retraining based on a mistake with the x-ray machine (and that she needed to be fired at some point after she returned from retraining) was based on racial bias.

    2. Thomas's sexual harassment claim is dismissed because Thomas failed to contact the EEO within the 45-day window required by statute. Thomas's equitable tolling argument is

unsuccessful because even if the clock was tolled during the two-week period she was in the hospital, her first contact with the EEO was still untimely. The fact that Thomas had previously filed an EEO complaint undercuts her claim that she didn't know she was required to contact EEO.[1] And the Ninth Circuit has explained that complaints to a supervisor (or here, HR personnel) do not satisfy the requirement of EEO counseling. *See Johnson v. Henderson*, 314 F.3d 409 (9th Cir. 2002); *cf. Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1044 (9th Cir. 2009) (holding that the requirement of contacting EEO may be satisfied by contacting "any agency official logically connected with the EEO process" and by "exhibiting an attempt to begin the EEO process").

      3. Because Thomas is *pro se* and because we are in the middle of a pandemic, Thomas will be given one more chance to amend her complaint. She states in her brief that she still wishes to pursue her retaliation claim, and the government doesn't seek to dismiss that claim. If Thomas still wishes to pursue that claim, she must make sure to include it in her Second Amended Complaint.[2] Thomas's amended complaint must be filed within 21 days of this order. If the government subsequently files a renewed motion to dismiss, Thomas must be sure to file a timely brief in opposition to that motion.[3]

      **IT IS SO ORDERED.**

Dated: August 5, 2020

                                      VINCE CHHABRIA
                                      United States District Judge

---

[1] The government's request for judicial notice is granted; *see also* Dkt. No. 1 ¶ 13.
[2] Thomas is also advised that she is under no obligation to re-plead her discrimination and sexual harassment claims; if she wishes, she may pursue the retaliation claim alone.
[3] The order to show cause is lifted.